**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| WADE WILSON MARCRUM,<br><br>Plaintiff,<br><br>v.<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>Defendant. | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Wade Wilson Marcrum ("Plaintiff"), by and through undersigned counsel, brings this Complaint against First Advantage Background Services Corp. ("Defendant") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. This action arises from Defendant's preparation and publication of an employment background check report to Plaintiff's prospective employer that inaccurately represented Plaintiff's driver's license as "expired." Defendant's false reporting directly resulted in nearly a month of lost income and inflicted severe, destabilizing financial hardship, humiliation, and emotional distress upon Plaintiff.

## INTRODUCTION

1. This is an individual action for damages, costs, and attorney's fees brought against Defendant pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§

1681, *et seq.* ("FCRA").

## PARTIES

2. Plaintiff is a consumer as defined in 15 U.S.C. § 1681a(c) residing in Alda, Nebraska.

3. Defendant is a is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f) that maintains principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, Georgia 30328 and can be served through Corporation Service Company at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1).

## FACTS

### Plaintiff Applies for a Job with Allied Universal

6. In or around early July 2026, Plaintiff applied for a full-time position as a Campus Lobby Security Officer with non-party Allied Universal, which paid $19/per hour.

7. Plaintiff completed an interview for the position for which he applied.

8. On July 15, 2026, Plaintiff received a contingent offer of employment

from Allied Universal conditioned on successfully completing the required background screening ("consumer report").

9. Plaintiff was advised that he would be scheduled for orientation once Plaintiff clears the background screening.

10. At the time of his application, Plaintiff still possessed a Georgia driver's license which he surrendered in favor of obtaining a Nebraska driver's license.

11. On July 16, 2026, Plaintiff then obtained his Nebraska driver's license after surrendering his Georgia license.

12. At that time, Plaintiff was issued a valid temporary driver's license pending receipt of his permanent license.

**Defendant Published an Inaccurate Consumer Report to Allied Universal**

13. Allied Universal contracted with Defendant to conduct background checks, including criminal background checks and motor vehicle reports and license information, on its potential employees.

14. On or about July 16, 2026, Allied Universal ordered a consumer report on Plaintiff from Defendant.

15. On July 24, 2026, worried that the background screening remained pending, Plaintiff contacted Allied Universal regarding his job application status. Allied Universal informed Plaintiff that once he clears the background screening, Plaintiff's orientation could be scheduled for as early as July 29, 2026.

16. On or about July 29, 2026, in accordance with its standard procedures, Defendant completed its consumer report about Plaintiff and sold the same to Allied Universal.

17. Within that consumer report, Defendant published inaccurate information about Plaintiff.

18. Specifically, Defendant's consumer report about Plaintiff included a grossly inaccurate motor vehicle report and license information, which appeared in the consumer report as follows (the "Inaccurate Reporting"):



Drivers Record — Marcrum, Wade Wilson, NE-HXXXXXXX1 LEVEL3

**Data As Provided**

| | |
|---|---|
| Last Name | Marcrum |
| First Name | Wade |
| Middle Name | Wilson |
| DOB | XXXX-12-13 |
| Gender | Unknown |
| License Number | HXXXXXXX1 |
| State | NE-DEPT MOTOR VEHICLES (3265) |

**Verified Data**

Report requested on: 2026-07-16
Report completed on: 2026-07-29

| | |
|---|---|
| License Number | — |
| Last Name | MARCRUM |
| First Name | WADE |
| Middle Name | W |
| DOB | XXXX-12-13 |
| Age | 26 |
| Country | US |

**Licenses**

| | |
|---|---|
| License Status | Expired |
| Country | US |
| License Number | HXXXXXXX1 |
| State | NE |

19. Defendant's reporting that Plaintiff's Nebraska driver's license was expired was grossly inaccurate as Plaintiff was just issued the license on July 16, 2026.

20. A simple review of the available records from the Nebraska Department

of Motor Vehicles ("DMV") confirms that Plaintiff's driver's license status was "VALID" as of July 16, 2026, until December 13, 2031.

21. The inaccurate license information was reported because Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective employer.

22. Had Defendant followed reasonable procedures, it would have discovered that Plaintiff's driver's license was never expired and that it should not have reported the same.

23. On July 29, 2026, Allied Universal issued Plaintiff a Pre-Adverse Action Notice due to Defendant's inaccurate background report.

24. In preparing and selling a consumer report about Plaintiff, wherein Defendant published to Plaintiff's employer inaccurate information about Plaintiff, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

**Plaintiff Disputes the Inaccurate Reporting**

25. On July 29, 2026, deeply concerned about the serious consequences of the inaccurate reporting, Plaintiff contacted Defendant via email to dispute the Inaccurate Reporting.

26. During the dispute, Plaintiff explained that his license was valid and

provided Defendant information from the Nebraska DMV confirming that the license had been issued on July 16, 2026.

27. On July 30, 2026, Defendant confirmed receipt of Plaintiff's dispute and provided a dispute number of 50540096.

28. On July 31, 2026, Plaintiff received a hard copy of his permanent Nebraska driver's license.

29. Immediately upon receiving the license, Plaintiff supplemented his dispute to Defendant with images of the license confirming its issued date of July 16, 2026, and expiration date of December 13, 2031.

30. On July 31, 2026, Plaintiff updated Allied Universal regarding his ongoing dispute with Defendant and provided copies of his Nebraska driver's license.

31. On August 3, 2026, Plaintiff once again updated Allied Universal regarding his ongoing dispute with Defendant.

32. Allied Universal informed Plaintiff that they were awaiting the result of Defendant's dispute reinvestigation to make a determination on his job application.

33. On or about August 5, 2026, Defendant completed their reinvestigation and sent an updated consumer report to Allied Universal.

34. On August 5, 2026, Allied Universal issued a Final Adverse Action

Notice, stating that it could no longer consider Plaintiff for employment or promotion based in whole or in part on information in Defendant's report.

35. Later that same day, Defendant further reviewed Plaintiff's dispute and corrected Plaintiff's consumer report to reflect a "VALID/LEVEL 1" result.

36. Defendant further confirmed that the corrected result was also provided to the employer.

37. On August 6, 2026, Allied Universal advised Plaintiff that his job application was approved and provided him with an orientation date set for August 13, 2026, approximately two (2) weeks later than his originally anticipated orientation date.

38. On or about August 13, 2026, Plaintiff completed his orientation, passed a drug test, and completed the hiring paperwork with Allied Universal.

**Plaintiff's Damages**

39. Due to Defendant's unreasonable procedures in the first place, Plaintiff's employment with Allied Universal was delayed by approximately two (2) weeks.

40. As a result of the approximately two-week delay, Plaintiff lost the opportunity to earn approximately two (2) weeks of pay with Allied Universal.

41. This two (2) week period of unemployment caused Plaintiff to suffer severe out-of-pocket financial losses.

42. Plaintiff is part of a dual-income household with his partner which heavily relies on his own income to make ends meet including costs of living for housing, groceries, credit, and other bills.

43. Plaintiff was overcome with stress and anxiety during the dispute process with Defendant and unable to perform other work through gig jobs where he could normally earn around $200 per week, further harming his financial situation.

44. Plaintiff consulted with a mental health professional as a result of the increased stress and anxiety and was prescribed anxiety medication.

45. The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address. Under common law, Defendant's conduct would have given rise to causes of action based on defamation and invasion of privacy.

46. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, delay of employment opportunities; loss of wages; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

## CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

47. Plaintiff incorporates the above paragraphs as if fully stated herein.

48. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

49. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

50. The above-mentioned consumer report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

51. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the consumer report it sold about Plaintiff as well as the information it published within the same.

52. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

53. Plaintiff is entitled to recover statutory damages, punitive damages, and

reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs and awarding Plaintiff such other and furth relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

Dated: August 26, 2026

RESPECTFULLY SUBMITTED,

*/s/ Atid Malka*
Atid Malka, GA Bar #705109
CONSUMER ATTORNEYS PLLC
2800 N Druid Hills NE, Building A, Suite D,
Atlanta, GA 30329
T: (718) 874-2914
F: (718) 247-8020
E: amalka@consumerattorneys.com

*Attorneys for Plaintiff,*
*Wade Wilson Marcrum*